**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERICKSON RICARDO
MEJIA QUINBAYO,**

      **Petitioner,**

**vs.**                                      **Case No. 4:26cv160-MW/MAF**

**TODD LYONS, ACTING DIRECTOR
U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,
et al.,**

      **Respondents.**
_____/

## ORDER GRANTING HABEAS PETITION

The pro se Petitioner initiated this case on April 6, 2026, by filing a § 2241 habeas petition, ECF No. 1, and an emergency motion for temporary restraining order and preliminary injunction to stay removal, ECF No. 3. Petitioner alleged that his current detention by immigration officials without a bond hearing violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"). ECF No. 1 at 5.

Petitioner paid the filing fee at the time of case initiation, ECF No. 3, and service of the petition was directed. ECF No. 6. An answer to the petition was

initially filed on May 7, 2026. ECF No. 9. Two days later, Respondents filed a "notice of authority," ECF No. 10, which advised of a recent decision from the Eleventh Circuit Court of Appeal that appeared "to substantially impact, if not control, the issue of mandatory detention" under 8 U.S.C. § 1225(b). Respondents acknowledged the decision was contrary to the answer filed on May 7, 2026. ECF No. 10 at 1-2.

ln light thereof, Respondents were given an opportunity to file an amended answer. ECF No. 11. Respondents filed an amended response, ECF No. 12, on May 9, 2026. Two days later, a second amended response, ECF No. 13, was filed.[1] That response again acknowledges the opinion in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026) (considering "whether unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings")). ECF No. 13 at 8. Notwithstanding that Respondents agree "Petitioner appears bond-eligible under Hernandez Alvarez and his detention governed under § 1226," *see id.* at 9, they maintain the argument that Petitioner's

---

[1] Only the second amended response has been considered.

Case No. 4:26cv160-MW-MAF

detention should be mandatory "under the better reasoning" of two contrary opinions from the Fifth and Eighth Circuits. *Id.* at 10.

**The § 2241 Petition**

Petitioner is a citizen and national of Venezuela. ECF No. 1 at 2. He has been in immigration detention since March 24, 2026, when he was "arrested without a warrant during an immigration enforcement traffic stop, despite presenting valid and current driver's license, vehicle insurance, and vehicle registration." *Id.* at 1. Petitioner advises that he has a "fully pending I-589 Application for Asylum and for Withholding of Removal." *Id.*

As background, Petitioner alleged that he entered the United States in June 2023, at a port of entry in El Paso, Texas. *Id.* at 3. "He was paroled into the United States pursuant to § 212(d)(5) of the Immigration and Nationality Act ["INA"]". *Id.* He was given a "Notice to Appear," and advises that since being paroled on his own recognizance on June 14, 2023, he has "complied with every ICE reporting obligation without exception." *Id.* His next scheduled reporting date is not until November 9, 2027. *Id.*

On March 24, 2026, Petitioner was driving a truck "in the course of his employment when he was stopped as part of an immigration enforcement raid."

ECF No. 1 at 3.  Petitioner provided agents with his valid driver's license, vehicle

insurance, and vehicle registration to the agents, but was placed under arrest.  *Id.*

Petitioner asserts there was "no criminal basis for the stop and no warrant for

Petitioner's arrest."  *Id.*  He was transported to the jail in Bristol, Florida, where he

has remained.  *Id.* at 4.  He has not been provided a bond hearing before an

immigration judge.  *Id.*

Petitioner argues that his detention without a bond hearing violates the Fifth

Amendment's Due Process Claus and INA § 236(c).  *Id.* at 5.  Petitioner contends

that he is not subject to mandatory detention of INA § 236(c).  *Id.*  He also asserts

that his arrest without a warrant violates the Fourth Amendment of the United

States Constitution.  *Id.*

Petitioner's emergency motion reiterates that he was arrested without a

warrant and detained without a bond hearing.  ECF No. 3 at 1.  He contends that he

is subject to irreversible harm because his infant son underwent surgery on March

25, 2026, and he has been unable to be present and provide support.  *Id.* at 2-3.

Further, he contends that his removal would permanently impair his pending

asylum application and he would lose "his right to seek withholding of removal

and CAT protection."  *Id.*  Petitioner's emergency motion for a temporary

restraining order and preliminary injunction seeks issuance of an order "staying his removal" pending resolution of the § 2241 habeas petition. *Id.* at 5.

**The Government's Response**

Respondents request that the petition and motion be denied.[2] ECF No. 13 at 1. Although they acknowledge Petitioner was paroled into the United States pursuant to § 212(d)(5) of the INA and that he has a pending asylum application, *id.* at 2, they also contend that his circumstances place him "within the statutory definition of aliens subject to detention pursuant to 8 U.S.C. § 1225(b)(2) . . . ." *Id.* at 3. Respondents argue that because Petitioner is detained under § 1225(b)(2), he "is therefore ineligible for release under 8 U.S.C. § 1226(a)."[3] *Id. at 2.* Respondents also contend that he "has not suffered prolonged detention" since he "has only been in custody since March 24, 2026." *Id.* at 3. Further, Respondents

---

[2] Respondents advise that Petitioner's case has been "expedited" and he is scheduled for an individualized hearing in his removal proceedings on May 27, 2026. *Id.*

[3] "Section 1226(a) states that a noncitizen already present in the United States 'may be arrested and detained pending a decision on whether the alien is to be removed from the United States' and may be released on bond." 8 U.S.C. § 1226(a)(2). Pereira v. Bondi, No. 25-CV-26037-GAYLES, 2026 WL 709758, at *3 (S.D. Fla. Mar. 13, 2026) (quoting 8 U.S.C. § 1226(a)(2). Notably, "aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge." Garcia v. Bondi, No. 2:25-CV-01158-SPC-NPM, 2025 WL 3703640, at *1 (M.D. Fla. Dec. 22, 2025).

argue that § 1252(g) strips this Court of jurisdiction to consider Petitioner's claims. ECF No. 13 at 4.

Even though Respondents maintain that Petitioner's detention is governed by 8 U.S.C. § 1225 and not § 1226, *id.* at 6-7, Respondents acknowledge the Eleventh Circuit's recent "2-1 decision" in <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026), which they concede "appears to control the resolution of this petition."   ECF No. 13 at 8.  Respondents also concede that "Petitioner appears bond-eligible under *Hernandez Alvarez*," *id.* at 9, but they are unwilling to abandon the argument that Petitioner is an "arriving alien" who is "seeking admission" and is subject to mandatory detention.  *Id.* at 10.  This is so because Respondents are reserving their right to appeal, and have every right to do so.[4]  *Id.* at 10.

**Analysis**

Respondents argument concerning jurisdiction is addressed first.  Section 1252(g) bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence

---

[4] While they have the right to preserve the issue for appeal, this Court is bound by the published decision in *Hernanez Alvarez*.

proceedings, adjudicate cases, or execute removal orders against any alien[.]"  28

U.S.C. § 1252(g).  The statute does not, however, apply "to the full universe of

deportation-related claims," but rather, applies only to "the three 'discrete'

governmental actions enumerated in that subsection."  Wallace v. Sec'y, U.S. Dep't

of Homeland Sec., 616 F. App'x 958, 960 (11th Cir. 2015) (citation omitted).

Petitioner's claim in this case does not arise from one of the covered actions.  See

Madu v. U.S. Atty. Gen., 470 F.3d 1362, 1368 (11th Cir. 2006) (noting that

§ 1252(g) "does not proscribe substantive review of the underlying legal bases for

those discretionary decisions and actions" such as a constitutional challenge to

detention).  Petitioner is challenging only his continued detention without a bond

hearing and not a decision to commence immigration proceedings, a ruling made in

that proceeding, or a decision to execute a removal order.  Indeed, there is no

indication that a removal order has been entered.  This argument is rejected.

For nearly thirty years, non-admitted aliens who were encountered in the

interior of the United States as opposed to being intercepted at the border have

been "eligible for bond while they go through immigration proceedings."

Hernandez Alvarez, 2026 WL 1243395, at *1.  In 2025, the Department of

Homeland Security ("DHS") changed its position and has argued that such "aliens

must be detained without bond under 8 U.S.C. § 1225(b)(2)(A)."  2026 WL

1243395, at *1.  That statute provides that "[s]ubject to subparagraphs (B) and

(C),[5] in the case of an alien who is an applicant for admission, if the examining

immigration officer determines that an alien seeking admission is not clearly and

beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding

under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).

Contrary to that argument, the Eleventh Circuit concluded in Hernandez

Alvarez, "that no-bond detention generally applies to arriving aliens seeking lawful

entry to the country, and not to aliens who are simply present here."  The Court

rejected the Government's position finding that § 1225(b)(2)(A) governed the

detention of the petitioners instead of § 1226(a).  2026 WL 1243395, at *5, *8, and

*13.  Importantly, the Court pointed out that the petitioners in Hernandez Alvarez

"were not applying for entry in any literal sense when they were detained

following a traffic stop, nor were they taking any cognizable step to obtain the

rights and privileges of lawful entry. They were only present in the country."  2026

---

[5] Those provisions are not applicable but (B) provides an exception to "(i) who is a crewman, (ii) to whom paragraph (1) applies, or (iii) who is a stowaway."  Paragraph (C) provides: "In the case of an alien described in subparagraph (A) who is arriving on land (whether or not at a designated port of arrival) from a foreign territory contiguous to the United States, the Attorney General may return the alien to that territory pending a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(B),(C).

WL 1243395, at *8. The Court said "the Government ha[d] conflated the passive condition of 'presence' with actively 'seeking' something specific, in contravention of the actual words and definitions Congress chose").

That decision is applicable to this case as conceded by Respondents. ECF No. 13 at 8-9 (stating the decision "appears to control the resolution of this petition" and noting "Petitioner appears bond-eligible under *Hernanez-Alvarez*"). Petitioner was not "seeking admission" but was, instead, encountered during a traffic stop. Thus, Petitioner is not subject to the mandatory detention provision of § 1225(b)(2)(A); Petitioner is subject to the discretionary detention provision of § 1226 which "applies to aliens unlawfully in the interior." 2026 WL 1243395, at *14. Detention is discretionary under § 1226(a). The statute provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General–
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a).  In this case, Petitioner's detention is governed by § 1226 which "supplies the default rule of detention for an alien arrested and detained in the interior, whether he is being removed on grounds of deportability or inadmissibility."  2026 WL 1243395, at *18.  Respondents do not have "unfettered authority" to detain the Petitioner "without the possibility of bond," *Id.* at *21.  Accordingly, the petition for issuance of a writ of habeas corpus pursuant to § 2241, ECF No. 1, is granted.

Petitioner's Fourth Amendment claim will not be addressed in this petition.  The claim challenges his "arrest during a traffic stop without any arrest warrant."  ECF No. 1 at 5.  However, none of the Respondents named in the petition were alleged to be involved in the arrest.  Thus, it is unnecessary to resolve arguments concerning whether that constitutional claim is cognizable in the immigration context and pursuant to *Bivens*.  Alvarez v. U.S. Immigr. & Customs Enf't, 818 F.3d 1194, 1208 (11th Cir. 2016) (holding "that a plaintiff cannot recover damages

under *Bivens* for constitutional violations that caused him to endure a prolonged immigration detention"); *see* ECF No. 13 at 15-19.

Finally, because the petition, ECF No. 1, is hereby granted under the controlling authority of <u>Hernandez Alvarez</u>, 2026 WL 1243395, there is no need to separately rule on the emergency motion for temporary restraining order and preliminary injunction, ECF No. 4.

Accordingly, it is

**ORDERED:**

1.  The petition for writ of habeas corpus, ECF No. 1, is **GRANTED,** and the emergency motion, ECF No. 4, is **DENIED as moot**.

2.  Respondents must either provide Petitioner with an individualized bond hearing pursuant to § 1226(a) before an Immigration Judge within seven (7) days or, in the alternative, they must release Petitioner in accordance with his prior release on parole in 2023.

3.  The Clerk shall close the file.

**SO ORDERED on May 13, 2026.**

 s/   Mark E. Walker
**United States District Judge**

Case No. 4:26cv160-MW-MAF